ORIGINAL
0 ε F
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHILIP XUAN ZHANG,

          Plaintiff,

-against-

HELIAN WANG, NORMAN L. KLINE,
JIWEI ZHAO, PAUL NG and BEN "DOE"

          Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-3888 (FB) (LB)

*Appearances:*
*For Plaintiff:*
PHILIP XUANG ZHANG, ESQ., *Pro Se*
36-40 Main Street, Suite 306
Flushing, New York, 11354

*For Defendants:*
HELIAN WANG, *Pro Se*
58 Hillman Drive
Elmwood Park, New Jersey 07407

NORMAN L. KLINE, ESQ., *Pro Se*
Kline & Gast
1381 Route 1 South
Edison, New Jersey 08837

JIWEI ZHAO, ESQ., *Pro Se*
Kline & Gast
1381 Route 1 South
Edison, New Jersey 08837

**BLOCK, Senior District Judge:**

       Plaintiff Philip Xuang Zhang ("Zhang") sues Helian Wang ("Wang") for breach of contract for failure to pay legal fees pursuant to the retainer agreement (Count I), and for the reasonable value of services rendered (Count II). Zhang sues attorneys Norman L. Kline and Jiwei Zhao ("Attorney Defendants"), Paul Ng ("Ng") and Ben "Doe" ("Doe") for tortious interference with contractual relations between Zhang and Wang

1

(Counts III, IV and V, respectively). Wang and Attorney Defendants jointly move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court construes defendants motion to include motions (1) to compel arbitration of Counts I and II, and (2) to transfer venue to the Unites States District Court, District of New Jersey.

## A. Venue and Choice of Law

In consideration of the relevant factors of convenience and fairness, the Court exercises its broad discretion and declines to transfer venue. *See* 28 U.S.C. § 1404(a); *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006).

Since the retainer agreement at issue does not involve interstate commerce, state arbitration law, rather than the Federal Arbitration Act, governs the fee dispute. *See* 9 U.S.C. §§ 1, 2; *Valdes v. Swift Transp. Co., Inc.*, 292 F. Supp. 2d 524, 527 (S.D.N.Y. 2003). The arbitration clause of the retainer agreement specifies that New York law should apply to any dispute arising under the agreement. *See* Verified Complaint, Ex. 1.

## B. Arbitration

The retainer agreement entered into between Zhang and Wang contains the following arbitration clause:

> Any dispute aris[ing] out of this Agreement will be resolved through a binding arbitration proceeding to be conducted under the auspices and the commercial arbitration rules of the American Arbitration Association at New York, New York, which shall apply the law of New York applicable to agreements made and to be performed in New York.

Verified Complaint, Ex. 1.

2

Under New York law, an order to compel arbitration is appropriate where (1) the parties made a valid agreement to arbitrate, (2) plaintiff has not complied with the agreement, and (3) plaintiff's claim, if asserted in State court, would not be time barred. *See Valdez v. Swift Transp. Co.*, 292 F. Supp. 2d 524, 530 (S.D.N.Y. 2004) (citing *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193 (1995)). The Court finds that these conditions are met, and orders Zhang and Wang to proceed to arbitration under the terms of the retainer agreement; Counts I and II are dismissed without prejudice to reinstatement in the event further proceedings are necessary following the arbitration.

## C. Count III - Tortious Interference against Attorney Defendants

Zhang claims that Attorney Defendants tortiously interfered by advising Wang not to pay counsel fees owed under the retainer agreement, forbidding Zhang from communicating with Wang, and acting out of their own financial interest by offering to represent Wang in the resulting fee dispute.

"Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client." *Burger v. Brookhaven Med. Arts Bldg.*, 131 A.D.2d 622, 624 (N.Y. App. Div. 1987) (citations omitted).[1] Plaintiff's verified complaint contains only conclusory allegations that the defendants' actions were "malicious" and "tortious"; unaccompanied by factual support, these allegations are not sufficient to

---

[1] As the parties have not identified any substantive difference between New York and New Jersey law regarding tortious interference, the Court applies New York law. *See IBM Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

3

survive defendants' motion to dismiss. *See Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91 (E.D.N.Y. 2004). Accordingly, the Court dismisses Count III for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

### D. Counts IV and V – Tortious Interference against Ng and Doe

The basic elements of the claim for tortious interference with contract under New York law are: (1) the existence of a valid contract for a specific term, (2) defendant's knowledge of that contract, (3) defendant's intentional procuring of its breach, and (4) damages. *See Antonio A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000). The plaintiff must also assert the defendant's actions were the "but for" cause of the alleged breach of contract, that is, "that there would not have been a breach but for the activities of the defendant." *Id.* In determining whether a particular defendant's action constituted tortious interference, courts must consider the nature of the conduct as well as the motives and interests sought to be advanced by that person. *See Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 190, 190 n.2 (1980).

Zhang alleges that Ng accompanied Wang to a meeting with Attorney Defendants and convinced her to hire them to represent her in the resulting fee dispute. Zhang fails to allege, however, that these actions were the "but for" cause of the alleged breach of contract. *See Comcast*, 100 F. Supp. 2d at 186. With respect to Doe, Zhang merely alleges that Doe disrupted settlement negotiations – an event that necessarily occurred *after* the alleged breach. Zhang cannot, therefore, allege that Doe induced the breach, a central

4

element of a claim for tortious interference. Accordingly, the Court dismisses Counts IV and V for failure to state sufficient facts to support a claim for tortious interference with contract.

## CONCLUSION

The Court orders Zhang and Wang to proceed to arbitration under the terms of the retainer agreement; Counts I and II are dismissed without prejudice to reinstatement in the event further proceedings are necessary following the arbitration. The Court dismisses Counts III, IV and V pursuant to Rule 12(b)(6).

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Dated:   Brooklyn, New York
         October 12, 2006